12-620
Lajqi v. Holder

BIA
Vomacka, IJ
A099 427 390

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand thirteen.

PRESENT:
        JOHN M. WALKER, JR.,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges*.

_____

SHABAN LAJQI,
        *Petitioner*,

        v.                                    12-620
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          Gregory Marotta, Vernon, NJ.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Blair O'Connor,
                         Assistant Director; Rachel L.
                         Browning, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Shaban Lajqi, a native of the former Yugoslavia and citizen of what is recognized today as Kosovo, seeks review of a January 25, 2012 decision of the BIA affirming the July 10, 2009 decision of Immigration Judge ("IJ") Alan A. Vomacka, which pretermitted his asylum application and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Shaban Lajqi*, No. A099 427 390 (B.I.A. Jan. 25, 2012), *aff'g* No. A099 427 390 (Immig. Ct. N.Y. City July 10, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Lajqi does not challenge the denial of CAT relief, we review only the denial of asylum and withholding of removal.

## I. Asylum

This Court lacks jurisdiction to review the pretermission of an asylum application unless the petitioner raises a colorable constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(C),(D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) ("[W]e lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction."). Lajqi fails to do so, challenging only the IJ's factual findings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (distinguishing an argument that "merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, [with one that] raises a [reviewable] 'constitutional claim' or 'question of law'"). Lajqi argues that the IJ failed to consider expert testimony that his post-traumatic stress disorder ("PTSD") could account for

2

the inconsistencies in his testimony, therefore, raising a question of law. *See id.* at 336 n.17. His argument is baseless, however, because the expert did not so testify and the IJ explicitly considered Lajqi's testimony that memory loss could account for the inconsistencies.

## II. **Withholding of Removal**

Lajqi's application is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005. In considering the totality of the circumstances, the agency may base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether " an inconsistency ... goes to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 163 n.2 (2d Cir. 2008) (per curiam). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based his adverse credibility determination on inconsistencies in Lajqi's testimony and inconsistencies between his testimony and his asylum application statement, including: (1) Lajqi's conflicting testimony that he left Kosovo in February 2004 and arrived to the United States in September 2005, which contradicted his later testimony that he left Kosovo in late 2004 and arrived to the United States in January 2005, and his asylum statement demonstrating that he entered in February 2005; (2) Lajqi's testimony that he spent 10 days in Mexico en route to the United States, which contradicted his statement that he stayed 30 days in Mexico; (3) his testimony that his cousin was alone when shot and killed along with two other individuals, which contradicted his statement that his cousin was with his friend when shot and killed along with three other individuals; and (4) his testimony that he was first attacked by extremists opposed to his political party in March 2004, and sought medical assistance two months thereafter, which contradicted his later testimony that he was attacked in May 2004 and immediately visited a doctor. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167.

3

Moreover, the IJ reasonably rejected Lajqi's explanations because they did not explain fully the inconsistencies between his testimony and asylum application. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Lajqi's assertion, for instance, that memory loss due to either PTSD or time, caused him to provide an entry date in testimony different from the date stated in his asylum application did not sufficiently explain the discrepancies. Similarly, Lajqi's explanation that his testimony that he spent 10 days in Mexico was intended to reference his time on the border rather than the total amount of time spent in the country contradicted his asylum application, which stated that he was in Mexico City from January 17 to February 10 and then traveled toward the border, crossing into the United States on February 17, 2005. Lajqi's explanation that the fourth person he failed to mention when describing his cousin's murder was wounded also failed to rectify his application statement that all four individuals who were shot were killed. Finally, the IJ reasonably rejected Lajqi's attempt to rectify his contradictory testimony regarding his medical visit as insufficient. Lajqi's claim that he did not testify to waiting two months to see a doctor, and that his bruises were visible two months after his attack, contradicted his other testimony that he did wait two months after his attack to visit a doctor. His contradictory testimony also fails to explain the date of the attack itself. The IJ therefore reasonably relied on these inconsistencies in finding that Lajqi lacked credibility. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167.

The IJ also reasonably relied on the implausibility of aspects of Lajqi's testimony in making an adverse credibility determination, specifically: (1) Lajqi's failure to remember important political elections in Kosovo, despite claiming persecution based on his involvement in Kosovan politics; and (2) Lajqi's belief that an Albanian ethnic group doctor would give dangerous or ineffective medical treatment to someone aligned with a different political group. *See Xiao Ji Chen*, 471 F.3d at 336 n.16 (upholding an implausibility finding because the finding was not based on flawed reasoning, speculation, or conjecture). Lajqi challenges the IJ's rejection of the expert witness's testimony that his PTSD may have caused him to forget important Kosovan election dates. Because the expert's testimony was not based on her direct assessment of Lajqi

4

but rather on the hypothetical posed by the Government's attorney, the testimony does not compel the conclusion that Lajqi's failure to recall the elections was due to his PTSD or memory loss. *See Majidi*, 430 F.3d at 80-81. Furthermore, despite the IJ's remarks that the expert may have been biased, the BIA did not err in finding that the remarks were harmless error because the IJ reasonably found that the expert's testimony did not explain whether or how PTSD would prevent an individual from remembering momentous events or explain the discrepancies in Lajqi's testimony. The IJ's error, therefore, did not change the outcome of the proceedings and did not deprive Lajqi of due process. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006) (noting that "[d]ue process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.").

Given these inconsistencies and implausibilities, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 163 n.2. As the only evidence of a threat to Lajqi's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5